IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEE DEIDRE FARMER     *
       Plaintiff
   v.     *    Civil Case No. CCB-11-2126
                                                             CCB-11-2143
BALTIMORE COUNTY DEPARTMENT OF *
 CORRECTIONS, *et al*.
       Defendants     *
                                                            ***

MEMORANDUM

On July 29, 2011 and August 2, 2011, Dee Deidre Farmer, a former Division of Correction ("DOC") inmate, filed 42 U.S.C. 1983 complaints alleging due process violations and challenging the calculation of her term of imprisonment by local and state authorities.[1] She claims that she was deprived of her statutory right to diminution credits for good conduct and housing while detained at the Baltimore County Detention Center ("BCDC"), the Greater Baltimore Medical Center, and the Walter P. Carter Center, resulting in her remaining imprisoned 120 days beyond her mandatory release date. In addition, she claims she was not properly credited with 390 days toward her 1986 sentences and was not provided diminution credits earned while in pre-sentence status from June 1985 to July 1986.[2] She also raises a negligence claim against defendants. Farmer seeks compensatory and punitive damages for each day she remained incarcerated beyond her release date.

Defendant Baltimore County Department of Corrections has filed an unopposed motion to dismiss and defendants John Does #1-5 have filed an unopposed motion to dismiss or for

---

[1] The cases *Farmer v. Baltimore County Department of Corrections, et al*, Civil Action No. CCB-11-2126 and *Farmer v. Baltimore County Police Dept. et al*, Civil Action No. CCB-11-2143, have been consolidated for all purposes.

[2] Farmer claims the sentence originally had been suspended.

summary judgment.³   ECF Nos. 7 & 19.  Defendants Stouffer and Miller filed a motion to dismiss or, in the alternative, motion for summary judgment, which will be treated as a motion for summary judgment.  ECF No. 11.  Farmer filed a response thereto. ECF No. 17.  The court finds that rulings may be entered on the documents without oral hearing.  Local Rule 105.6 (D. Md. 2011).

## Standard of Review

**Motions to Dismiss**

In considering a motion to dismiss under Rule 12(b)(6), a court " 'must accept as true all of the factual allegations contained in the complaint,' " and must " 'draw all reasonable inferences [from those facts] in favor of the plaintiff.' " *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and *Nemet Chevrolet, Ltd. v. Consumerafairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009)).

A complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). A complaint that provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient under the Rule. *Id.* at 555. So, if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the

---

³ Farmer filed an amended complaint naming "John Doe #1-5" more than five months after defendants filed a responsive pleading.  ECF No. 18.  She shall not be permitted to proceed with her amended allegations, and the amended complaint, construed as a motion for leave to amend, shall be denied.  *See* Fed R. Civ. P. 15(a).  The "Doe" defendants' dispositive motion shall be denied as moot.

complaint has not shown that "'the pleader is entitled to relief.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (citation omitted).

A motion pursuant to Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted). Moreover, in resolving a Rule 12(b)(6) motion, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain,* 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville, Va.,* 579 F.3d 380, 385–86 (4th Cir. 2009), *cert. denied,* — U.S. —, 130 S.Ct. 1740, 176 L.Ed.2d 214 (2010).

**Motions for Summary Judgment**

Under Fed. R. Civ. P. 56(a) a party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

Farmer has not been subjected to a violation of due process under the uncontroverted facts presented here. The particulars related to Farmer's local, state, and federal confinement are complicated. On June 19, 1986, she was sentenced in this court to a cumulative 20-year sentence in *United States v. Farmer*, Criminal No. Y-86-0158 (D. Md.). ECF No. 11, Ex. 1 at Attach. A. On July 30, 1986, the Circuit Court for Baltimore County imposed a ten- and concurrent fifteen-year sentence on Farmer for counts of forgery and theft in *State v. Farmer*, Case No. 85-CR-3221. These sentences were to run consecutively to her federal sentence. ECF No. 11, Ex 1 at Attach. B. Also imposed by the Circuit Court on July 30, 1986, was a fifteen-year sentence and a suspended 60-day sentence on false statement and attempted theft counts in *State v. Farmer*, Case No. 86-CR03175. ECF No. 11, Ex. 1, at Attach. C. The Circuit Court directed that the fifteen years imposed in 85-cr-3175 run consecutively to the term imposed in *State v. Farmer*, Case No. 85-CR-3221 and to the federally imposed sentence. The court awarded Farmer 387 days credit for time served prior to sentencing. *Id.*, Ex. 1 at Attach. B & C.

On January 10, 2000, Farmer was released from federal custody to commence service of her state sentences and was received into DOC custody at the Maryland Reception, Diagnostic & Classification Center on January 12, 2000. *Id*. at Attach. D. On February 15, 2005, however, Circuit Court Judge Joseph Murphy Jr. suspended the balance of the sentences in *State v.*

4

*Farmer*, Case No. 85-CR-3221, and *State v. Farmer*, Case No. 86-CR03175, placed Farmer on probation for five years, and directed that she be released from DOC custody.   ECF No. 11, Ex. 1 at Attachs. E & F.

The commitment record was further muddied after Farmer committed additional criminal offenses.  On January 16, 2007, Baltimore City Circuit Court Judge Roger Brown imposed an 18-month sentence and a concurrent 30-day term commencing September 28, 2006, related to counts of false information on a death certificate and obstruction of justice in *State v. Farmer*, 206270010.  *Id*. at Attach. G.   The total time to be served resulted in a maximum expiration date of March 28, 2008.  *Id*. at Attach. H.  On March 19, 2007, Baltimore County Circuit Court Judge Mickey Norman imposed an additional 18-month sentence in *State v. Farmer*, 03-K-05-004786.  *Id*. at Attach. I.   As a result, the maximum expiration date of Farmer's term of confinement was adjusted to September 19, 2008.  *Id*. at Attach. H.

Finally, on June 12, 2007, upon finding Farmer in violation of the conditions of her probation in *State v. Farmer*, Case No. 85-CR-3221, the Circuit Court for Baltimore County revoked her probation in that case, and committed her to the custody of the Commissioner of the DOC to serve five years, "consecutive to the last sentence to expire of all outstanding and unserved Maryland sentences."  ECF No. 11, Ex. 1 at Attach. J.  Judge Murphy held that no days of credit were to be awarded "for time served prior to and not including date of sentence (in Criminal Procedure Article, Section 6-218)."  ECF No. 19, Ex. 2.   The maximum expiration date of the term of confinement was adjusted to September 19, 2013.   ECF No. 11, Ex. 1 at Attach. H.

As noted by defendants Stouffer and Miller, DOC inmates may earn diminution credits to reduce the length of their sentences.  Farmer earned the following diminution credits under Md. Code Ann., Corr. Servs. §§ 3-704 to 3-707 subsequent to her commitment in the DOC on

January 16, 2007: 502 good-conduct credits, 46 special project credits and 193 industrial credits. *Id*. at Attach. K. She additionally earned 17 good-conduct credits, 17 special project credits, and 17 industrial credits for time spent in pre-sentence custody at the BCDC from September 28, 2006 to November 7, 2007, for a total of 792 diminution credits. *Id*.

When subtracting the 792 diminution credits from the September 19, 2013 maximum expiration date of the term of confinement, Farmer's mandatory supervision release date was calculated as July 20, 2011. On that date, she was released from DOC confinement.

The substantive law of Maryland determines whether an entity possesses the legal capacity to be sued. *See Chrysler Credit Corp. v. Superior Dodge, Inc.,* 538 F.2d 616, 617–18 (4th Cir. 1976). The Baltimore County Department of Corrections is a department within Baltimore County's administrative structure and consequently not subject to suit in its own name. *See County Council for Montgomery County v. Supervisor of Assessments of Montgomery County*, 274 Md. 116, 123 (1975); *Ashburn v. Anne Arundel County*, 306 Md. 617, 620 (1986) (observing that the circuit court found "Anne Arundel County Police Department was not a separate legal entity" subject to suit). Therefore, the court will grant defendant Baltimore County Department of Corrections's motion to dismiss.

In addition, neither the State, nor an arm of the State, is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). The Eleventh Amendment bars a suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). As defendant DOC is a state agency operating as a

division of the Maryland Department of Safety and Correctional Services, s*ee* Md. Code. Ann., Corr. Servs., Art., §§ 1-101(g) and 3-201, the complaint against the DOC shall be dismissed.

Further, there is no demonstration that the remaining defendants, including the unserved "Supervisor MCI-H Commitment Office," had any personal knowledge of Farmer's alleged diminution credit problems or had a duty to provide Farmer the diminution credits she seeks.[4] Indeed, there is no evidence showing that Farmer was denied pre-trial credits for time served from 1985 to 1986. Because no willful conduct demonstrative of a constitutional violation of Farmer's civil rights has been shown, the case shall be dismissed, and summary judgment shall be granted as to defendants Commissioner and Miller.[5]

A separate Order follows.


Date: July 31, 2012 _____/s/_____
                                                                  Catherine C. Blake
                                                                  United States District Judge

---

[4] Farmer also seeks the award of credit for time spent in the Greater Baltimore Medical Center and the Walter P. Carter Center (December 11, 2005 to April 20, 2006). Defendants Stouffer and Miller observe that on April 5, 2011, Farmer filed a petition for post-conviction relief, writ of error coram nobis and/or writ of habeas corpus seeking that credit in the Circuit Court for Baltimore County in *State v. Farmer*, Case No. 03-K-05-004786. ECF No. 11 at Exs. 2 & 3. The state did not oppose the request, but indicated that there was no record that the Circuit Court has awarded the credit. *Id*., Exs. 3 & 4. This claim is proceeding in the state courts; thus, Farmer has received adequate due process in adjudicating this claim.

[5] As there are no remaining federal claims, the court declines to take supplemental 28 U.S.C. § 1367(c) jurisdiction over Farmer's common-law tort claim of negligence.